**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROSS W. WOODWORTH,**

       **Plaintiff,**            **CIVIL ACTION NO. 12-14842**

    **vs.**

                              **DISTRICT JUDGE NANCY G. EDMUNDS**

**GENERAL MOTORS PENSION**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**PLAN ADMINISTRATOR,**

           **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**  The Court recommends that Defendant's motion to dismiss (docket no. 7) be **GRANTED**, Plaintiff's motion to stay proceedings (docket no. 11) be **DENIED**, and Plaintiff's complaint be dismissed without prejudice.

**II.**    **REPORT:**

    Plaintiff Ross Woodworth filed this *pro se* action on October 31, 2012 challenging the method by which the GM Pension Plan Administrator calculated his pension benefits. On December 5, 2012 Defendant filed a motion to dismiss for failure to exhaust administrative remedies. (Docket no. 7). Plaintiff filed a response to Defendant's motion and a separate motion to stay. (Docket nos. 10, 11). Defendant filed a combined reply to the motion to dismiss and response to Plaintiff's motion to stay. (Docket no. 13). This case has been referred to the undersigned for all pretrial purposes. (Docket no. 8). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motions pursuant to 28 U.S.C. § 636(b)(1)(B).

1

Defendant contends that Plaintiff's complaint is premature because he failed to exhaust his administrative remedies prior to filing this lawsuit. It is well recognized that a plaintiff must exhaust his administrative remedies before commencing an ERISA action in federal court. *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453 (6th Cir. 1991) (citation omitted). This is true even if the pension plan at issue uses permissive language in its administrative review provision. *Id*. at 454 (citing *Mason v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1226 (11th Cir. 1985) (the use of permissive language, such as the word "may," in the administrative review provision does not mean the plan participant is free to proceed directly to federal court and avoid the exhaustion requirement)). "Exhaustion is 'routinely enforce[d]' where the plaintiff claims that his benefits were improperly calculated under the terms of a plan." *Zappley v. Stride Rite Corp.*, No. 09-cv-198, 2010 WL 2735668, at *3 (W.D. Mich. July 9, 2010) (citing *Durand v. Hanover Ins. Grp., Inc.*, 560 F.3d 436, 439 (6th Cir. 2009)). This is so because "ERISA plans are often complicated things, and the question whether a plan's methodology was properly applied in a particular case is usually one best left to the plan administrator in the first instance." *Durand*, 560 F.3d at 439.

Defendant first moved for an order dismissing Plaintiff's complaint without prejudice for failure to exhaust administrative remedies. Plaintiff initially opposed that motion but later agreed to pursue exhaustion of his claims before continuing his lawsuit. However, Plaintiff asks the Court to deny Defendant's motion to dismiss and enter an order staying the litigation proceedings. Plaintiff speculates that he will not receive adequate relief on appeal to the Employee Benefit Plan Committee (EBPC) now that General Motors has terminated its Pension Program for Salaried Workers and transferred responsibility for the beneficiaries' pensions to Prudential Insurance Company of America. He also claims that the Court should retain jurisdiction because it is likely

that General Motors will plead at some point in the future that it has relinquished all responsibilities under the terminated plan.

Defendant does not oppose a stay and has suggested staying the case for a period of five months.  (Docket no. 13).  In addition, the parties have filed a Stipulated Order for a stay of proceedings up to and through August 16, 2013, during which time Plaintiff must submit his appeal to the EBPC, the EBPC must review, investigate, and reach a final decision on Plaintiff's claim, and the parties must file a joint status report to notify the Court of the EBPC's benefit determination and alert the Court as to whether judicial intervention is necessary.

The decision whether to dismiss a case without prejudice or stay a case pending administrative exhaustion is within the sound discretion of the court.  *Zappley v. Stride Rite Corp.*, No. 09-cv-198, 2010 WL 2735668, at *4 (W.D. Mich. July 9, 2010) (citation omitted).  Plaintiff's reasons for advocating for a stay of proceedings in lieu of dismissal without prejudice are based on speculation and conjecture.  The Court sees no need for it to establish an arbitrary deadline by which the EBPC must review, investigate and make a determination on Plaintiff's appeal.  The Court also sees no reason for it to require the parties to file a joint status report to inform it of the EBPC's decision on Plaintiff's appeal if Plaintiff does not intend to pursue litigation.  Judicial economy is better served in this case if this matter is dismissed without prejudice and Plaintiff is given an opportunity to exhaust his administrative remedies, consider the results of his appeal, and determine whether or not he wishes to pursue litigation.  If, after exhaustion, Plaintiff chooses to pursue his lawsuit against Defendant Pension Plan Administrator, he may refile his complaint at that time.  The parties have not made the Court aware of any time bar that would prevent Plaintiff from doing so. Accordingly, the Court recommends that Defendant's motion to dismiss be granted, Plaintiff's

motion to stay be denied, and Plaintiff's complaint be dismissed without prejudice.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: May 14, 2013                    s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

4

## <u>PROOF OF SERVICE</u>

I hereby certify that a copy of this Report and Recommendation was served upon Ross Woodworth and Counsel of Record on this date.


Dated: May 14, 2013                          s/ Lisa C. Bartlett
                                             Case Manager